FILED

2020 MAR 13 AM 11: 39

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **LEEVIN TAITANO CAMACHO**, Attorney General of Guam, | CIVIL CASE NO. CV0780-13 |
| Plaintiff, | |
| vs. | |
| **DAFNE M. SHIMIZU**, Director, Guam Department of Revenue and Taxation; **LOURDES A. LEON GUERRERO**, Governor of Guam; **ATLAS AMUSEMENT ENTERPRISES, INC.; DARRYL R. STYLES d/b/a D&D GAMES; GUAM MUSIC, INC.**; and **DOES 1-10**, | |
| Defendants. | |
| **DARRYL R. STYLES d/b/a D&D GAMES**, | **DECISION AND ORDER** |
| Cross-Plaintiff, | |
| vs. | |
| **GOVERNMENT OF GUAM**, | |
| Cross-Defendant. | |
| **PACIFIC AMUSEMENT, INC.**, | |
| Cross-Plaintiff, | |
| vs. | |
| **DAFNE M. SHIMIZU**, Director, Guam Department of Revenue and Taxation, | |
| Cross-Defendant. | |

# INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 5, 2019, upon the Plaintiff's Motion for Summary Judgment Pursuant to Civil Rule 56 ("Plaintiff's Motion for Summary Judgment") filed December 19, 2016. Assistant Attorney Generals Marianne Woloschuk and James Canto represented the Plaintiff Leevin Taitano Camacho, Attorney General of Guam. Attorney Sophia S. Diaz of the Office of the Governor of Guam represented the public Defendants Dafne M. Shimizu, the Director of Guam Department of Revenue and Taxation, and Lourdes A. Leon Guerrero, Governor of Guam. Attorney Seth Forman represents the Defendant Atlas Amusement Enterprises, Inc. Attorney Curtis C. Van de veld represents the Defendant and Cross-Plaintiff Darryl R. Styles d/b/a D&D Games. Attorney F. Randall Cunliffe represents the Defendant Guam Music, Inc. Attorney Daniel J. Berman represents the Intervenor and Cross-Plaintiff Pacific Amusement, Inc. Having reviewed the pleadings and legal authorities, and having heard oral arguments in this matter, the Court issues the following Decision and Order.

# BACKGROUND

This case arises from a prolonged dispute between the Attorney General of Guam, the executive branch, and owners of electronic gaming devices, regarding the legality of the licensing and operation of such gaming devices in Guam. Both the procedural history and facts of this case have been thoroughly outlined in the various pleadings, orders, and appeals in the record. Thus, the following facts are only those pertinent to the instant Motion for Summary Judgment.

Leonardo M. Rapadas, in his official capacity as the Attorney General of Guam, filed a Complaint for Declaratory Judgment on June 14, 2013, and a First Amended Complaint for Declaratory Judgment on August 15, 2015, seeking declaratory relief against John P. Camacho, the Director of the Department of Revenue and Taxation ("DRT"), and Eddie Baza Calvo, the Governor of Guam, both in their official capacities ("Defendants"). Mr. Rapadas has since been succeeded as the Attorney General by Leevin T. Camacho ("Plaintiff"), Mr. John Camacho has since been succeeded as the Director of the DRT by Dafne M. Shimizu, and Governor Calvo

has since been succeeded as the Governor of Guam by Lourdes A. Leon Guerrero. Three private parties, Atlas Amusement Enterprises, Inc. ("Atlas"), Darryl R. Styles d/b/a D&D Games ("Styles"), and Guam Music, Inc. ("Guam Music"), were also named as defendants. A fourth private party, Pacific Amusement, Inc. ("Pacific Amusement"), intervened on the grounds that an adverse decision by this Court would deny it from obtaining licenses in the future.

On October 17, 2001, Public Law No. 26-52 ("P.L. 26-52"), entitled "An Act to Repeal and Reenact § 64.40 of Title 9, and § 39110 of Title 22, All of the Guam Code Annotated, Relative to Illegal Cockfight" was enacted. P.L. 26-52 granted certain rulemaking authorities to the Department of Revenue and Taxation ("DRT"), providing in part:

> **Section 4. Promulgation of Rules.** Notwithstanding any other provisions of law, the Cockpit License Board, together with the Department of Revenue and Taxation, is hereby authorized to promulgate necessary rules and regulations to create a comprehensive regulatory scheme to regulate all gaming activities on Guam; *provided*, that the rules and regulations shall restrict gaming activities to those authorized and licensed on Guam as of August 1, 2001.

See Guam Pub. L. 26-52:4 (Oct. 17, 2001).

Pursuant to P.L. 26-52, DRT submitted its proposed gaming rules and regulations with the Legislative Secretary of the Guam Legislature on January 3, 2003.[1] These proposed regulations authorized limited gaming activities in Guam, including "[e]lectronic gaming devices that have been registered, or were at any time previously registered, by [DRT] pursuant to 11 Guam Code Annotated, Chapter 22, Article 2, prior to August 1st 2001." 3 GAR § 7114(a)(5). Pursuant to these regulations, DRT issued and renewed hundreds of licenses to owners of such electronic gaming devices for several years.[2]

On July 9, 2013, Public Law No. 32-060 ("P.L. 32-060"), entitled "An Act to Add New §§ 5201 to 5205 to Chapter 5 of Title 11, Guam Code Annotated, Relative to Gaming . . ." was

---

[1] DRT's proposed rules and regulations were subsequently codified in Title 3 Chapter 7 of the Guam Administrative Rules and Regulations ("GAR"). See 3 GAR § 7101 *et seq*. However, these rules and regulations were not posted on the Guam Compiler of Laws website until 2012.

[2] Since the issuing of such gaming licenses, several years of litigation ensued, including multiple appeals to the Supreme Court of Guam and remands to the trial court. See Limtiaco v. Camacho, 2009 Guam 7 (appeal from Superior Court Case No. SP0141-08); see also Rapadas v. Benito, 2011 Guam 28.

enacted. P.L. 32-060 enacted Title 11 GCA § 5205 which authorized the following limited gaming activities: 1) non-profit bingo or lottery, 2) licensed cockfighting, 3) carnival or Liberation Day gaming, and 4) all other limited gaming activities as authorized pursuant statute. 11 GCA § 5205(a). Section 1 of P.L. 32-060, Legislative Findings and Intent, also referenced P.L. 26-32:4 and DRT's gaming regulations, stating that it was the legislature's intent "to place in statute the policy of regulating gaming activities allowed by law [and] collecting fees and taxes that would be due from duly licensed operators." P.L. 32-060:1.

On August 15, 2013, the Plaintiff filed a First Amended Complaint for Declaratory Judgment, seeking a judgment declaring, *inter alia*, that: 1) DRT's gaming regulations in 3 GAR § 7114(a)(5) are void and lack any force and effect; 2) P.L. 32-060 did not make DRT's regulations valid; and 3) Guam law continued to prohibit the licensing of electronic gaming devices. Thus, the Plaintiff seeks a declaratory judgment that the electronic gaming licenses issued pursuant to DRT's regulations are void and therefore, must be revoked and no new licenses should be issued.

On April 11, 2016, Defendant Styles filed a Motion for Summary Judgment asserting that P.L. 32-060 violates equal protection and due process rights. Intervenor Pacific Amusement joined in Defendant Styles' motion on April 15, 2016. On May 9, 2016, the Plaintiff filed an Opposition. Thereafter, the Court heard oral arguments on Defendant Styles' Motion for Summary Judgment on [date].

On December 19, 2016, the Plaintiff filed their competing Motion for Summary Judgment on the grounds that there is no genuine dispute as to any material fact and that Plaintiff is entitled to declaratory judgment as a matter of law. The Defendants filed four opposition memoranda and accompanying joinders[3]. The Plaintiff submitted a Reply on

---

[3] Defendant Styles filed an Opposition to the Plaintiff's Motion for Summary Judgment on January 24, 2017, and joined in all opposition memoranda filed by all other Defendants. Guam Music also filed an Opposition to the Plaintiff's Motion for Summary Judgment on January 24, 2017 and joined in opposition memoranda filed by the public Defendants and Atlas. Atlas filed an Opposition to the Plaintiff's Motion for Summary Judgment on January 17, 2017, joined in Guam Music's Opposition, and partially joined in Defendant Styles' Opposition. Finally, the Governor of Guam and DRT Director filed their Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment on January 17, 2017, and joined in both Guam Music and Defendant Styles' respective oppositions.

February 14, 2017. The Court heard oral arguments from all parties on December 5, 2019. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Guam R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Rule 56(c) of the GRCP further mandates summary judgment against a party, "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A genuine issue of material fact exists if there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder. Guam Pac. Enter., Inc. v. Guam Poresia Corp. et al., 2007 Guam 22. n. 8 (citing Iizuka Corp. v. Kawasho Int'l (Guam). Inc., 1997 Guam 10 ¶ 7). The factual dispute must also concern a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Id.

If the movant demonstrates a lack of a genuine issue of material fact, "the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." Edwards v. Pacific Fin. Corp. et al., 2000 Guam 27 n. 7 (citations omitted). Thus, the ultimate inquiry for the Court is "whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." Bank of Guam v. Flores, 2004 Guam 25 n. 7. In determining a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party. Id.

The Plaintiff directs its Motion for Summary Judgment at all the causes of action set forth in the First Amended Complaint for Declaratory Judgment. In their Motion, the Plaintiff requests that the Court grant summary judgment in its favor on the grounds that DRT's gaming regulations are invalid because: 1) they were submitted to the Guam legislature without

complying with Guam law, and 2) they exceeded the authority of DRT to enact such rules and regulations. Thus, the Plaintiff seeks relief declaring that DRT's regulations purporting to regulate electronic gaming devices in Guam are void and that all electronic gaming devices licenses issued by DRT are to be revoked and no new licenses are to be issued. On the other hand, the Defendants argue that the Plaintiff's arguments are either meritless as a matter of law or that they depend upon issues over which there is a genuine dispute of material facts.

## I.       DRT did not comply with the AAL's Rule-Making Procedure.

Guam's Administrative Adjudication Law ("AAL") provides the procedures government agencies must follow when drafting and submitting proposed rules and regulations. See 5 GCA § 9300 *et seq.* These rule-making procedures were enacted by the Guam Legislature to establish "a uniform method of making, adopting, promulgating, filing and publishing rules by all agencies of this Territory, to permit public participation therein and provide a method of making rules readily accessible to the public." 5 GCA § 9300.

First, before any rule is adopted, amended, rescinded or repealed, an agency must provide notice by publishing such notice in a newspaper of general circulation in Guam, at least ten (10) days prior to the date set for public hearing. See 5 GCA § 9301(a) ("Said notice shall include a statement of the time and place of said hearing, a reference to the subject matter of the proposed rule or rules, and refer to the fact that a copy of said proposed rule or rules is on file at the office of said agency, where it may be examined."). Second, the AAL requires a public hearing wherein any interested party may participate in the formulation of the proposed rules through the presentation of facts or argument or the submission of written date or views. 5 GCA § 9301(b). Further, prior to the public hearing, the agency must include, as part of the promulgation of such rules or regulations, an economic impact statement. 5 GCA § 9301(d); see also 5 GCA § 9301(e) ("No proposed rule or regulation shall be transmitted to [the Legislature] without an economic impact statement . . ."). Finally, only when an agency has complied with all mandatory requirements, may the agency then submit the proposed rules to the Legislature, the Governor of Guam, and the Attorney General, for approval. 5 GCA § 9303(a)(2), (3), and (4).

Here, DRT's gaming regulations are invalid because DRT failed to comply with the AAL. First, DRT failed to provide notice and conduct public hearings. Both DRT and the Legislature are unable to locate any record or evidence confirming that notice was published or that a public hearing was held by the agency. Second, DRT failed to conduct and submit an economic impact study. Again, neither DRT or the Legislature can confirm that an economic impact study was conducted or submitted by DRT. Consequently, a substantial failure by DRT to follow the rule-making procedures mandated by the AAL renders such rules invalid. See 5 GCA § 9303(c) ("*No rule shall be effective until after compliance* with the provisions of this Section and ninety (90) calendar days have elapsed from the date of filing with the [Legislative Secretary].") (emphasis added); see e.g., Faircloth v. Family Indep. Agency, 232 Mich. App. 391 (failure to follow administrative procedures renders rule or regulation invalid).

Defendant Atlas, on the other hand, argues that the mere possibility such records could have existed, but may have been lost, is sufficient to defeat summary judgment. Defendant Atlas asserts that the inability of DRT and the Legislature to locate any records supporting its position that the rules were properly promulgated pursuant to the AAL, is merely evidence that those records might have never existed but, it is not proof sufficient to overcome the presumption of correctness. See Wade v. Taitano, 2002 Guam 16 ¶ 8 (the presumption of correctness applies to agency actions if a regulation is challenged on the basis that it is in contravention of the unambiguous expressed intent of the legislature). Here, both DRT and the Legislature's inability to locate and proffer such records is highly persuasive evidence that the AAL procedures were not adhered to. See 5 GCA § 9303(d) (mandating the Legislative Secretary to keep and maintain a complete record of all proposed rules and regulations). The failure of DRT, the agency responsible for maintaining tax and licensing records, as well as the Legislature, to possess such records is compelling evidence that these records never existed.

As aforementioned, in order to succeed on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue as to any material fact. Celotex Corp., 477 U.S. 317, 323 (1986). Atlas, the opposing party, must set forth specific facts showing there is a genuine dispute of facts and cannot rest upon mere statements and allegations set forth in the

pleadings. <u>Bank of Guam v. Flores</u>, 2004 Guam 25 n. 7. Here, none of the Defendants have produced any affirmative evidence to rebut the Plaintiff's evidence that DRT failed to comply with the AAL. Thus, absent any record supporting the Defendants' position that the rules were properly promulgated pursuant to AAL, the Court finds that DRT did not comply with AAL. Accordingly, a substantial failure by DRT to follow the rule-making procedures mandated by the AAL renders such rules invalid.

## II.     P.L. 26-52:4 did not exempt DRT from complying with the AAL.

The Defendants, particularly the Government of Guam Defendants, argue that P.L. 26-52 enabled DRT to promulgate gaming regulations without complying with any other conflicting provision of Guam law, including the AAL. The Defendants rely on the "*Notwithstanding* any other provision of law" language within Section 1 of P.L. 26-52 to support their argument that the Legislature granted it unconditional rule making authority to create "a comprehensive regulatory scheme to regulate *all gaming* activities on Guam. . .."). P.L. 26-52:4 (emphasis added); <u>see also</u> Background, *supra*. Specifically, the Defendants argue that as a matter of law, the word "notwithstanding" means that the particular statute supersedes all other laws that may be in conflict with it. The Court disagrees.

The Supreme Court of Guam has held, "[t]hat in cases involving statutory construction, the plain language of a statute must be the starting point." <u>Pangelinan v. Gutierrez</u>, 2000 Guam 11 ¶ 23. In determining the plain meaning of a statutory provision, courts will look to the entire statutory scheme containing the provision for guidance. <u>Amerault v. Intelcom Support Servs., Inc.</u>, 2004 Guam 23 ¶ 16; <u>see also</u> <u>Sumitomo Constr. Co. v. Gov't of Guam</u>, 2001 Guam 23 ¶ 17 ("In determining legislative intent, a statute should be read as a whole and in conjunction with other sections."). Thus, the Court's analysis will be guided with these principles in mind.

As a preliminary matter, administrative agencies are creatures of statute and therefore, cannot act beyond its delegated authority. <u>See</u> <u>Wade v. Taitano</u>, 2002 Guam 16 ¶ 7 ("[A]n agency cannot create rules, through its own interstitial declaration, that were not contemplated or authorized by the Legislature . . .") (citations omitted); <u>see also</u> <u>Carlson v. Guam Tel. Auth.</u>, 2002 Guam 15 ¶ 9 (holding that administrative agencies must buttress the exercise of authority

with statutory support and their powers are limited to those which "have been conferred upon them by law expressly or by implication.") (citations omitted). Simply put, an administrative agency cannot create rules or regulations that would be contrary to the intended legislative scheme. Id. Here, there is nothing in the legislative history to support the Defendants' argument that the Legislature intended to exempt DRT from compliance with the rule-making procedures of the AAL. The Court agrees with the Plaintiff that P.L. 26-52 should be construed together with the AAL, such that DRT has the authority to draft a comprehensive regulatory scheme regarding gaming, but must subject that scheme to the administrative rule-making process. Construing the statues together is consistent with the intent of the Legislature as expressed in Title 5 GCA § 9300. See Section I, *supra*.

Moreover, a statute granting legislative power to an administrative agency will be deemed invalid if the legislature fails to set out intelligible principles to guide an agency's exercise of such authority. See Gundy v. United States, 139 S. Ct. 2116, 2129 (2019) (holding that a delegation of legislative authority is constitutional so long as the legislative body prescribes an intelligible principle to guide the agency). In other words, a delegation of legislative power is permissible if the legislature makes clear the intended legislative objective and the boundaries of the agency's rule-making authority. Id.; see also Carson Mobilehome Park Owners' Assn. v. City of Carson, 35 Cal. 3d 184, 190 (1983) ("An unconstitutional delegation of authority occurs only when a legislative body (1) leaves the resolution of fundamental policy issues to others or (2) fails to provide adequate direction for the implementation of that policy.").

Here, to accept the Defendants' argument that P.L. 26-52 authorized DRT to violate or ignore any applicable laws or procedures relevant to gaming and the promulgation of gaming regulations in Guam, would be an improper delegation of legislative responsibilities to a government agency. First, the power to enact, amend, and repeal legislation vests in the legislature, not the administrative agency. See In re Request of Calvo, 2017 Guam 14 ¶ 44 (citing Atlas v. Bd. Of Auditors, 275 N.W. 507, 509 (1937). The Legislature cannot simply delegate its authority and allow DRT to ignore any applicable laws that are inconsistent with the

gaming regulations proposed by DRT. The Legislature may however, after declaring a policy and fixing a primary standard, confer upon administrative officers the "power to fill up the details" by prescribing administrative rules and regulations to promote the purpose of the legislation and to carry it into effect. Kugler v. Yocum, 69 Cal.2d 371, 376 (1968) (citing First Industrial Loan Co. v. Daugherty, 26 Cal. 2d 545, 549 (1945). Thus, having considered the relevant provisions and the legislative scheme, the Court finds that P.L. 26-52 granted DRT the narrow authority to create a comprehensive regulatory scheme to regulate all gaming activities in Guam "notwithstanding any other provision of law" that may prohibit it from developing such a scheme. P.L. 26-52 did not grant DRT the authority to evade the rule-making procedures of the AAL. Accordingly, as determined above, a substantial failure by DRT to follow the rule-making procedures mandated by the AAL renders such rules invalid.

## III. P.L. 32-060 did not validate DRT's proposed gaming regulations.

On July 9, 2013, P.L. 32-060, entitled "An Act to Add New §§ 5201 to 5205 to Chapter 5 of Title 11, Guam Code Annotated, Relative to Gaming . . ." was enacted. P.L. 32-060 enacted Title 11 GCA § 5205 which authorized the following limited gaming activities: 1) non-profit bingo or lottery, 2) licensed cockfighting, 3) carnival or Liberation Day gaming, and 4) all other limited gaming activities as *authorized pursuant statute*. 11 GCA § 5205(a) (emphasis added). Section 1 of P.L. 32-060, Legislative Findings and Intent, also referenced P.L. 26-52:4 and DRT's gaming regulations, stating that it was the legislature's intent "to place in statute the policy of regulating gaming activities *allowed by law* [and] collecting fees and taxes that would be due from duly licensed operators." P.L. 32-060:1 (emphasis added).

Defendant Styles argues that P.L. 32-060 retroactively validated the acts of DRT by recognizing the validity of the rules. This is incorrect. Although P.L. 32-060 references P.L. 26-52, and notes that DRT filed its proposed gaming regulations on January 3, 2003, it does not explicitly state that such regulations were actually approved by the Legislature.[4] Instead, P.L.

---

[4] The Original Bill 19-32 (COR) stated that DRT's gaming regulations had been approved by the Legislature. However, the final version of Bill 19-32 (COR) which became P.L. 32-060 eliminated this sentence entirely. The Legislative Findings and Intent Section of the Original Bill 19-32 (COR) provided in relevant part: "These regulations were subsequently approved, but since the rule-making authority *did not allow* for the repeal and re-

32-060, placed the authority back to the Legislature to "place in statute a policy of regulating gaming activities *allowed by law*." Id. (emphasis added). The statute implemented by the Legislature pursuant to P.L.32-060 does not authorize the licensing of electronic gaming devices. Id.; 11 GCA § 5205(a).

There is no Guam statute that authorizes the licensing of electronic gaming devices as specifically allowed in 3 GAR § 7114(a)(5). As of August 1, 2001, Guam's gaming statutes were contained in Title 22 GCA, Chapter 39 and Title 11 GCA, Chapter 5. See 22 GCA § 39101 *et seq.*; see also 11 GCA § 5101 *et seq.* More importantly, Guam law prohibits the licensing of gambling devices in Guam. 11 GCA § 22202. Title 9 GCA § 64.20 defines gambling device as "any coin operated device which, when operated, may return winnings (other than free games not redeemable for cash) of value to the user based partially or completely upon chance, by the operation of which a person may become entitled to receive winnings of value." See 9 GCA § 64.20(b) and (c) (gambling device includes slot and video poker machines). Thus, when construed together, neither P.L. 32-060 nor P.L. 26-52 authorized the licensing of electronic gaming devices as specifically allowed in 3 GAR § 7114(a)(5), nor did it alter Guam's current gaming laws. Accordingly, the Court finds that P.L. 32-060 did not retroactively validate DRT's proposed gaming regulations nor did it change Guam's gambling posture set forth in Title 11 GCA, Chapter 5 or Title 22 GCA, Chapter 29, *supra*.

## IV.    The Plaintiff's claims are not time barred.

Finally, Defendant Atlas argues that the Plaintiff's claims are untimely pursuant to the four-year statute of limitations set forth in Title 7 GCA, Chapter 11.[5] See 7 GCA § 11312 ("An action for relief not otherwise provided for must be commenced within four (4) years after the cause of action shall have accrued."). Here, neither Defendant Atlas nor any of the named

---

enactment of existing statute, the regulations were placed in Chapter 7 of Title 3, Guam Administrative Rules and Regulations." (emphasis added).

[5] Title 5 GCA § 9303(b) provides that, "[t]he court shall declare the rule invalid if it finds that it violates provisions of law, exceeds the statutory authority of the agency or was adopted without compliance with statutory rule-making procedures." This statute contains no limitations period. Thus, Plaintiff's claims that DRT's regulations are invalid because DRT failed to comply with the AAL are timely.

Defendants asserted the statute of limitations as an affirmative defense in their respective Answers. See Guam R. Civ. P. 8(c) (A responsive pleading must contain all affirmative defenses); see also M Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp., 2016 Guam 35 ¶ 91 ("Failure to bring a defense at that time results in waiver and precludes a party from asserting it at a later point.") (citing Hemlani v. Hemlani, 2015 Guam 16 ¶ 23). This matter has been in litigation since 2013. Since then, the Defendants have actively defended their positions and have participated in all aspects of this litigation. Thus, assuming *arguendo*, that Title 7 GCA § 11312 is applicable to the Plaintiff's claim, the Defendants nevertheless have waived any statute of limitations defense it may have had by failing to raise the affirmative defense in their responsive pleadings.

<u>**CONCLUSION**</u>

For the reasons set forth above, the Court finds that DRT's proposed gaming regulations were submitted to the Guam Legislature without complying with Guam law, and that DRT exceeded its authority to enact such rules and regulations purporting to regulate electronic gaming devices in Guam. Accordingly, the Court hereby **GRANTS** the Plaintiff's Motion for Summary Judgment and thus, **GRANTS** the Plaintiff's First Amended Complaint for Declaratory Judgment.

Further, having granted Plaintiff's Motion for Summary Judgment, the Court hereby declares Defendant Styles' competing Motion for Summary Judgment is **MOOT**.

**IT IS SO ORDERED** _____**MAR 1 3 2020**_____ .

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
AG, S·DIAZ, S·FORMAN
VAN AE VELD, CUNLIFFE, FERMAN
Date: 3/13 Time: 12 pm
Deputy Clerk, Superior Court

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**